UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

IN RE:

Jewel L. Butler,

                      DEBTOR.

-----------------------------------------------------X

Hearing Date:  May 23, 2018

Hearing Time:  9:30 a.m.

CASE NO.: 18-71028-reg

Chapter: 7

JUDGE: ROBERT E. GROSSMAN

## NOTICE OF MOTION FOR ORDER
## <u>GRANTING RELIEF FROM AUTOMATIC STAY</u>

SIRS:

     **PLEASE TAKE NOTICE** that Selene Finance LP ("Movant") seeks relief from the automatic stay as to the property located at 46 Eldridge Avenue, Hempstead, New York 11550 (the "Premises") and will move before the Honorable Robert E. Grossman, United States Bankruptcy Judge in the United States Bankruptcy Court for the Eastern District of New York located at Long Island Federal Courthouse, 290 Federal Plaza, Courtroom 860, Central Islip, NY 11772 on May 23, 2018 at 9:30 a.m., or as soon thereafter as counsel may be heard, for an Order:

     1. Pursuant to Bankruptcy Rule 4001, 11 U.S.C. Section 362(d)(1) and 11 U.S.C. Section 362(d)(2) granting Movant, its successors and/or assigns, relief from the Automatic Stay; and

     2. Granting Movant such other and further relief as is just and proper.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief herein requested shall be in writing, shall state with particularity the grounds for the objection, shall be filed with the Clerk of the Bankruptcy Court and served upon, the undersigned counsel for the Movant seven (7) days prior to the return date of the within Motion.

Dated: April 27, 2018
      Plainview, New York

Respectfully submitted,

ROSICKI, ROSICKI & ASSOCIATES, P.C.
By: Seung Woo Lee, Esq.
Attorneys for Movant
Main Office: 51 East Bethpage Road
Plainview, NY 11803
516-741-2585

To:
Jewel L. Butler
Debtor
46 Eldridge Avenue
Hempstead, NY 11550

Michael J Macco, Esq.
Attorney for Debtor
2950 Express Drive South
Suite 109
Islandia, NY 11749

Andrew M Thaler, Esq.
Trustee
675 Old Country Road
Westbury, NY 11590

*U.S. Trustee*
United States Trustee
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4437

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
IN RE:                                      CASE NO.: 18-71028-reg

Jewel L. Butler,                            Chapter: 7

           DEBTOR.         JUDGE: ROBERT E. GROSSMAN
-------------------------------------------------------X

## APPLICATION IN SUPPORT OF AN ORDER
## MODIFYING AND TERMINATING THE AUTOMATIC STAY

**TO:    THE HONORABLE ROBERT E. GROSSMAN
      UNITED STATES BANKRUPTCY JUDGE:**

The Application of Selene Finance LP ("Movant"), by its attorneys, Rosicki, Rosicki &

Associates, P.C., respectfully represents and says:

Seung Woo Lee, Esq., an attorney at law duly admitted to practice before this Court and

the Courts of the State of New York, hereby affirms the following to be true under penalty of

perjury:

## I.    RELIEF REQUESTED

1. This is a contested matter brought pursuant to Federal Rules of Bankruptcy Procedure

Rules 4001, 9013 and 9014 and Sections 361, 362(d) of Title 11 of the United States Code (the

"Bankruptcy Code"), for an Order: (i) granting Movant, its successors and/or assigns, relief from

the automatic stay due to the failure of Jewel L. Butler (the "Debtor") to make payments, and/or

offer and provide Movant with adequate protection for its security interest in the property located

at 46 Eldridge Avenue, Hempstead, New York 11550 (the "Premises"); and (ii) granting Movant

such other and further relief as is just and proper.

## II.    BACKGROUND

2. Movant is the owner of a Note and Mortgage, dated November 26, 2002, given by

Jewel L. Butler (the "Debtor") in the original principal amount of $228,197.00  pledging the

Premises as security.  Copies of the Note, endorse to blank, Mortgage and Assignments are annexed hereto as Exhibit "A".

3. As the loan became delinquent, Movant commenced a foreclosure action in the Supreme Court of the State of New York, County of Nassau, on or about May 1, 2012.  On September 6, 2017, a Judgment of Foreclosure and Sale (the "JFS") was entered in favor of Movant.  A copy of the JFS is attached hereto as Exhibit "B".

4. Pursuant to the terms of the JFS, a foreclosure sale was scheduled for February 20, 2018.  On February 16, 2018, the Debtor filed with the Clerk of this Court a petition for relief under Chapter 7 of the Bankruptcy Code. Therefore, staying the Movant from proceeding with its JFS.

## III.    **THE APPLICATION**

5. As required by E.D.N.Y Administrative Order #533, the completed motion for relief Worksheet (the "Worksheet") is annexed hereto as Exhibit "C".

6. Based upon information provided by Movant, the Debtor is in contractual default under the terms of the Note and Mortgage for failure to make timely payments in the amount of $2,674.64 each for the November 1, 2009 through the March 1, 2013 payments; $4,443.86 each for the April 1, 2013 through the July 1, 2013 payments; $3,761.37 each for the August 1, 2013 through the July 1, 2014 payments; $3,087.53 each for the August 1, 2014 through the October 1, 2015 payments; $3,009.98 each for the November 1, 2015 through the April 1, 2018 payments, and the loan is contractually due for November 1, 2009.

7. That by failing to make mortgage payments, the Debtor has failed to provide Movant with adequate protection for its security, entitling Movant, its successors and/or assigns, to relief from the automatic stay.

8. Additionally, there is insufficient equity in the Premises.

9. Movant's total lien on the Premises as of the date of the within application is approximately $503,201.73.

10. According to the Debtor, the Premises has an estimated value of $195,000.00. A copy of the Debtor's Schedule A/B, is annexed hereto as Exhibit "D".

11. Based upon the above, no equity exists in this Premises and it is not necessary for the Premises to be maintained by the estate. Consequently, Movant is entitled to relief from the automatic stay so that it may proceed with the enforcement of its security interest in the Premises.

12. For the reasons stated above, the Debtor has failed to adequately protect the interest of Movant, causing Movant irreparable harm and injury.

13. Additionally, by seeking relief under Chapter 7, Debtor is not seeking to reorganize and thus, the Premises is not necessary for a successful reorganization. Therefore, relief from stay is warranted pursuant to Section 362(d)(2).

## IV.    **CONCLUSION**

14. Relief from the stay is warranted under Section 362(d). Accordingly, the automatic stay must be modified to permit Movant to assert its rights in the Premises, including, but not limited to, the consummation of a foreclosure sale and eviction proceedings with respect to the Premises.

**WHEREFORE**, Movant respectfully requests that an Order be granted modifying the automatic stay as to it, its successors and/or assigns, permitting maintenance of a mortgage foreclosure action and eviction proceeding with respect to the Premises; and for such other and further relief as the Court may deem just and proper.

Dated: April 27, 2018
      Plainview, New York

Respectfully submitted,

ROSICKI, ROSICKI & ASSOCIATES, P.C.
By: Seung Woo Lee, Esq.
Attorneys for Movant
Main Office: 51 East Bethpage Road
Plainview, NY 11803
516-741-2585

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
IN RE:          CASE NO.: 18-71028-reg

Jewel L. Butler,       Chapter: 7

     DEBTOR.    JUDGE: ROBERT E. GROSSMAN
-------------------------------------------------------X

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Upon the Application, dated  April 27, 2018 (the "Application") of  Selene Finance LP
(the "Movant"), by its attorneys, Rosicki, Rosicki & Associates, P.C., seeking an Order: (i)
modifying and terminating the automatic stay to permit the Movant to exercise all of its rights
and remedies with respect to certain collateral consisting of the real property known as 46
Eldridge Avenue, Hempstead, New York 11550  (the "Premises"); and (ii) granting Movant such
other and further relief as the Court deems just and proper; and

The Application having come before this Court to be heard on May 23, 2018; and no
opposition to the relief requested having been heard; and in consideration of the foregoing, and
upon the affidavit of service filed with the Court, the record made at the hearing on the
Application and the decision reached at the conclusion thereof; and after due deliberation, the
relief requested appearing reasonable, proper and warranted in fact and by law under Section
362(d)(1) and Section 362(d)(2)  of the Code to permit Movant to exercise all of its rights and
remedies under applicable law with respect to the Premises, it is hereby

**ORDERED** that the Application of Movant is granted modifying the automatic stay to
allow Movant, its successors and/or assigns, to pursue any and all action and to exercise its
remedies as to the property known as 46 Eldridge Avenue, Hempstead, New York 11550; and it
is further

**ORDERED** that in the event a foreclosure sale of the concerned Premises results in a surplus, the Case Trustee shall be notified.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

IN RE:

Jewel L. Butler

Debtor.

## NOTICE OF MOTION AND APPLICATION
## IN SUPPORT OF ENTRY OF AN ORDER VACATING STAY

**ROSICKI, ROSICKI & ASSOCIATES, P.C.**
Attorneys for Movant
Main Office: 51 East Bethpage Road
Plainview, NY 11803
516-741-2585

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

IN RE:                                              CASE NO.: 18-71028-reg

Jewel L. Butler,                                    Chapter: 7

                         DEBTOR.          **AFFIDAVIT OF SERVICE**
-------------------------------------------------------X

STATE OF NEW YORK    )
                             ) ss:

COUNTY OF NASSAU    )

       Alicia McNamee, being duly sworn, deposes and says:
       I am not a party to this action, am over 18 years of age and reside in Suffolk County, New York.
       On April 27, 2018, I served the within Notice of Motion, Motion for Modification of the Automatic Stay on the following parties, by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Jewel L. Butler
46 Eldridge Avenue
Hempstead, NY 11550

Michael J Macco, Esq.
2950 Express Drive South
Suite 109
Islandia, NY 11749

Andrew M Thaler, Esq.
675 Old Country Road
Westbury, NY 11590

*U.S. Trustee*
United States Trustee
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4437

_____
Alicia McNamee

Sworn to before me this
___ day of _____, 2018

_____
NOTARY PUBLIC

Betsy P. Tarr
Notary Public, State of New York
No. 01TA6000083
Qualified in Nassau County
Term Expires December 8, _____

## NOTICE OF MOTION COVER SHEET

NAME OF DEBTOR
 Jewel L. Butler

CASE NUMBER
 18-71028-reg

PLAINTIFF/MOVANT
Selene Finance LP

DEFENDANT/RESPONDENT

ATTORNEYS
Rosicki, Rosicki & Associates, P.C.
51 East Bethpage Road
Plainview, NY 11803

ATTORNEYS IF KNOWN
Michael J Macco, Esq.
2950 Express Drive South
Suite 109
Islandia, NY 11749

PRINT NAME OF ATTORNEY
Seung Woo Lee, Esq.

SIGNATURE

### NATURE OF SUIT
(Check all Boxes That Apply to This Motion)

| | |
|---|---|
| _____X_____ | To Grant Relief from the Automatic Stay<br>11 U.S.C. Section of 362(d)  ($181.00 fee required) |
| _____ | To Withdraw the Reference of a Case<br>11 U.S.C. Section 157(d)    ($75.00 fee required) |
| _____ | To Compel Abandonment of Property<br>of the Estate - B.R. 6007 (b) ($75.00 fee required) |
| _____ | To Convert (fee not required) |
| _____ | To Dismiss (fee not required) |
| _____ | To Assume/Reject (fee not required) |
| _____ | To Extend Time to Object to Discharge/Dischargeability |
| _____ | To Extend Exclusivity Period to File Plan, Etc. |
| _____ | Objections to Claims |
| _____ | For Summary Judgment |
| _____ | Other- Specify Type of Motion _____ |

FILING FEE (Check One) _____ Fee Attached ___X___ Fee Paid Online

# ROSICKI, ROSICKI & ASSOCIATES, P.C.

### ATTORNEYS AT LAW

## Main Office: 51 East Bethpage Road

## Plainview, New York 11803

### Telephone (516) 741-2585

### Facsimile (516) 873-7243

*We are a debt collector and are attempting to collect a debt.*

*Any information obtained may be used for that purpose.*

April 27, 2018

United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

      **Re:**    **Debtor:  Jewel L. Butler**
                **Bankruptcy Case No.: 18-71028-reg**
                **Chapter 7**

Dear Sir or Madam:

Enclosed herewith please find one Chambers Copy of a Notice of Motion and Motion for Modification of the Automatic Stay. The appropriate filing fee in the amount of $181.00 has been paid online.

Please file this motion with the Court as it is scheduled for hearing on May 23, 2018 at 9:30 a.m..

Your assistance is greatly appreciated.

Very truly yours,

Rosicki, Rosicki & Associates, P.C.

_____

Alicia McNamee
Paralegal

*Enclosures*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

IN RE:

Jewel L. Butler

Debtor

## ORDER GRANTING RELIEF FROM
## THE AUTOMATIC STAY

## ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorneys for Movant
Main Office: 51 East Bethpage Road
Plainview, NY 11803
516-741-2585

Exhibit "A"

**Redacted**

**REDACTED**

**REDACTED**

**REDACTED**

**Redacted**

NOTE

Multistate

| FHA Case No. |
|---|

November 26, 2002

46 ELDRIDGE AVENUE, HEMPSTEAD, New York 11550
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means

Golden First Mortgage Corp.
and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of

TWO HUNDRED TWENTY EIGHT THOUSAND ONE HUNDRED NINETY SEVEN & 00/100
Dollars (U.S. $      228,197.00      ), plus interest, to the order of Lender. Interest will be charged on unpaid principal,
from the date of disbursement of the loan proceeds by Lender, at the rate of  7.000
percent (      7.000      %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as
this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if
Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

   (A) Time
   Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on
January 1           ,  2003      . Any principal and interest remaining on the first day of       December
2032  , will be due on that date, which is called the "Maturity Date."
   (B) Place
   Payment shall be made at Golden First Mortgage Corp., One Huntington Quadrangle,  Suite 3C01,
                  Melville, New York 11747        or at such place as Lender may designate in writing
by notice to Borrower.
   (C) Amount
   Each monthly payment of principal and interest will be in the amount of U.S. $      1,518.21      . This amount
will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other
items in the order described in the Security Instrument.
   (D) Allonge to this Note for payment adjustments
   If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the
allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this
Note. [Check applicable box]

   ☐ Graduated Payment Allonge   ☐ Growing Equity Allonge   ☐ Other [specify]

## 5. BORROWER'S RIGHT TO PREPAY

   Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day
of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the
remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial
prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to
those changes.

FHA Multistate Fixed Rate Note - 10/95
-1R (9501).01
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 2                Initials:

**Redacted**



## 6. BORROWER'S FAILURE TO PAY

(A)  Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR percent ( 4.00 %) of the overdue amount of each payment.

(B)  Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

(C)  Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)
JEWEL L BUTLER                        -Borrower

_____ (Seal)
                                     -Borrower

**Pay to the order of**

_____ (Seal)
                                     -Borrower

**without recourse this**

_____ (Seal)
                                     -Borrower

_____ day of
Golden First Mortgage Corp

Authorized Signature

_____ (Seal)
                                     -Borrower

Pay to the order of

_____ (Seal)
                                     -Borrower

with recourse this

_____ (Seal)
                                     -Borrower

day of
Golden First Mortgage Corp

_____ (Seal)
                                     -Borrower

Authorized Signature

MILDRED MONTALK AVP

-IR (9601).01                        Page 2 of 2

FORM # 763

REDACTED

Mortgagor: JEWEL L BUTLER

Property address: 46 ELDRIDGE AVENUE
                  HEMPSTEAD, New York 11550

Mortgage amount: $228,197.00   CLOSING DATE: 11/26/2002

STATE OF NEW YORK, COUNTY OF  SUFFOLK            , SS:

    On the  26th  day of    November    , in the year    2002   before me, the undersigned, personally
appeared JEWEL L BUTLER.

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is
(are) subscribed to the within instrument and acknowledge to me that he/she/they executed the same in his/her/their
capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of
which the individual(s) acted, executed the instrument.

_____
                                        Notary Public

ERIC R. LANDAU
Notary Public, State of New York
No. 4983041
Qualified in Nassau County
Commission Expires June 17, 200 3

GNMBC                                                             06/11/99



**NASSAU COUNTY CLERK'S OFFICE**
**ENDORSEMENT COVER PAGE**

Recorded Date: 12-09-2002
Recorded Time: 11:29:25 a

Liber Book: M  23263
Pages From:     110
        To:     119

Record and Return To:
GOLDEN FIRST MORTGAGE CORP
1 HUNTINGTON QUAD
STE 3C01
MELVILLE, NY  11747

Control
Number:   953
Ref #: CT  070937
Doc Type: M01  MORTGAGE

| Location: | Section | Block | Lot | Unit |
|---|---|---|---|---|
| HEMPSTEAD (2820) | 0034 | 00363-00 | 00231 | |
| HEMPSTEAD (2820) | 0034 | 00363-00 | 00232 | |
| HEMPSTEAD (2820) | 0034 | 00363-00 | 00233 | |

Consideration Amount:        220,257.00

|  |  |
|---|---|
| Taxes Total | 2,257.00 |
| Recording Totals | 65.00 |
| Total Payment | 2,322.00 |

CAC001

THIS PAGE IS NOW PART OF THE INSTRUMENT AND SHOULD NOT BE REMOVED
KAREN V. MURPHY
COUNTY CLERK





RECORD AND RETURN TO:

Golden First Mortgage Corp.
Huntington Quadrangle, Suite 3C01
Melville, New York 11767

3540 Pd

District:
Section:        14
Block:          363
Lot:            231-233

34
363
231-233

---

[Space Above This Line For Recording Data]

State of New York

## MORTGAGE

FHA Case No.

REDACTED
REDACTE

THIS MORTGAGE ("Security Instrument") is given on    November 16, 2002
The Mortgagor is

JEWEL I. BUTLER

whose address is    44 FLORIDON AVENUE
HEMPSTEAD, New York 11550

("Borrower"). This Security Instrument is given to
Golden First Mortgage Corp,

which is organized and existing under the laws of    the State of New York    , and
whose address is    One Huntington Quadrangle, Suite 3C01, Melville, New York 11767
("Lender"). Borrower owes Lender the principal sum of
TWO HUNDRED TWENTY EIGHT THOUSAND ONE HUNDRED NINETY SEVEN & 00/100
Dollars (U.S. $    228,197.00    )
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which
provides for monthly payments, with the full debt, if not paid earlier, due and payable on    December 3,
2032
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the
Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with
interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance

FHA New York Mortgage - 4/96

GFMC-68(NY) (9608)
Page 1 of 8

THE MORTGAGE FORMS - (800)519-0308

*PREMISES IMPROVED BY
A 1 OR 2 FAMILY DWELLING*

Redacted

of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to the Lender the following described property located in **Nassau** County, New York:

All that tract or parcel of land as shown on Schedule "A" attached hereto which is incorporated herein and made a part hereof.

This mortgage covers real property improved or to be improved by a one or two family residence or dwelling.

which has the address of     46 ELDRIDGE AVENUE, HEMPSTEAD                    [Street, City],
New York     11550                    [Zip Code] ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1. Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. Monthly Payment of Taxes, Insurance and Other Charges. Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

# FIRST AMERICAN TITLE INSURANCE COMPANY



## SCHEDULE A

### PROPERTY DESCRIPTION

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Incorporated Village of Hempstead, Town of Hempstead, County of Nassau and State of New York, known as and by the lots numbered 231, 232 and 233 as shown on a certain map entitled, "Revised Map of Eldridge Estates, situated in the Village of Hempstead, Nassau Co., NY, owned by Newbridge properties, Inc., mapped February 1929 by Geo. A. Fairfield, Civ. Engr., Mineola, NY" and filed in the office of the Clerk of the County of Nassau on February 15, 1929 under the file 8672, bounded and described as follows:

BEGINNING at a point on the southerly side of Eldridge Avenue distant 644.15 feet westerly from the corner formed by the intersection of the westerly side of Greenwich Street with the southerly side of Eldridge Avenue;

running thence SOUTHERLY at right angles to Eldridge Avenue, 100 feet;

thence WESTERLY in a line parallel with Eldridge Avenue, 60 feet;

thence NORTHERLY again at right angles to Eldridge Avenue, 100 feet to the southerly side of Eldridge Avenue;

thence EASTERLY along the southerly side of Eldridge Avenue, 60 feet to the point or place of BEGINNING.

Our policies of title insurance include such buildings and improvements thereon which by law constitute real property, unless specifically excepted therein. Now is the time to determine whether we have examined all of the property and easements which you desire to be insured. If there are appurtenant easements to be insured, please request such insurance. In some cases, our rate manual provides for an additional charge for such insurance.

FOR CONVEYANCE ONLY

TOGETHER with all the right, title and interest of, in and to any land lying in the streets, and roads abutting the above described premises.

Issued by:
Penn-ex Abstract Corp.
1025 Old Country Road Suite 213
Westbury, NY 11590
Telephone: (516) 334-2655 Fax: (516) 334-2751

Title Report

If the amount held by Lender for Escrow Items exceed the amount permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. Application of Payments. All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

4. Fire, Flood and Other Hazard Insurance. Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraphs 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within thirty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property.

Page 2 of 8

Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6. Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7. Charges to Borrower and Protection of Lender's Rights in the Property. Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8. Fees. Lender may collect fees and charges authorized by the Secretary.

9. Grounds for Acceleration of Debt.

(a) Default. Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) Sale Without Credit Approval. Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) No Waiver. If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) Mortgage Not Insured. Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. Reinstatement. Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses property associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

11. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14. **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

15. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

16. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

17. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

18. **Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may bring a lawsuit to take away all of the Borrower's remaining rights in the Property and have the Property sold. At this sale, Lender or another person may acquire the Property. This is known as "foreclosure and sale." In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by law and will have the right to add all reasonable attorneys' fees to the amount owed Lender, which fees shall become part of the Sums Secured.

Lender may require immediate payment in full under paragraph 9.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. **Lender's Obligation to Discharge this Security Instrument.** When Lender has been paid all amounts due under the Note and under this Security Instrument, Lender will discharge this Security Instrument by delivering a certificate stating that this Security Instrument has been satisfied. Borrower will not be required to pay Lender for the discharge, but Borrower will pay all costs of recording the discharge in the proper official records.

20. **Agreements about New York Lien Law.** Borrower will receive all amounts lent by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that if, on the date this Security Instrument is recorded, construction or other work on any building or other improvement located on the Property has not been completed for at least four months, Borrower will: (A) hold all amounts which Borrower received and which Borrower has a right to receive from Lender under the Note as a "trust fund"; and (B) use those amounts to pay for that construction or work before Borrower uses them for any other purpose. The fact that Borrower is holding those amounts as a "trust fund" means that for any building or other improvement located on the Property Borrower has a special responsibility under the law to use the amount in the manner described in this paragraph 20.

21. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

| | | |
|---|---|---|
| ☐ Condominium Rider | ☐ Growing Equity Rider | ☑ Other (specify) |
| ☐ Planned Unit Development Rider | ☐ Graduated Payment Rider | LEGAL DESCRIPTION |

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____     _____ (Seal)
                                     JEWEL L. BUTLER                  -Borrower

_____     _____ (Seal)
                                                                      -Borrower

_____ (Seal)     _____ (Seal)
                       -Borrower                                      -Borrower

_____ (Seal)     _____ (Seal)
                       -Borrower                                      -Borrower

_____ (Seal)     _____ (Seal)
                       -Borrower                                      -Borrower

STATE OF NEW YORK

County of  Suffolk                        )  ss:
                                          )

On the  26 TH  day of  November  in the year  2002  before me, the undersigned, a notary public in and for said state, personally appeared

                    Jewel L. Butler

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that  she  executed the same in  her capacity(ies), and that by  her  signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

My Commission Expires:

_____
Notary Public

Tax Map Information:

J  34
B  363
L  231-233

ERIC R. LANDAU
Notary Public, State of New York
No. 4963041
Qualified in Nassau County
Commission Expires June 17, 2003

Page 8 of 8



**NASSAU COUNTY CLERK'S OFFICE**
**ENDORSEMENT COVER PAGE**

Recorded Date: 01-03-2008
Recorded Time: 10:32:22 a

Liber Book: M  32627
Pages From:        291
          To:        293

Control
Number:    565
Ref #:
Doc Type: M23  ASSIGN MORTGAGE

Record and Return To:
GOLDEN FIRST MORTGAGE CORP
ATT J MOHLIN
3 GRACE AVENUE
GREAT NECK, NY  11021

Refers to: Book: M 23263 Page: 110

| Location: | Section | Block | Lot | Unit |
|---|---|---|---|---|
| HEMPSTEAD (2820) | 0034 | 00363-00 | 00231 | |
| HEMPSTEAD (2820) | 0034 | 00363-00 | 00232 | |
| HEMPSTEAD (2820) | 0034 | 00363-00 | 00233 | |

|  |  |
|---|---|
| Taxes Total | .00 |
| Recording Totals | 44.00 |
| Total Payment | 44.00 |

GSC001

THIS PAGE IS NOW PART OF THE INSTRUMENT AND SHOULD NOT BE REMOVED
MAUREEN O'CONNELL
COUNTY CLERK



Assignment of Mortgage

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT-THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

KNOW THAT

GOLDEN FIRST MORTGAGE CORP., F/K/A GOLDEN NATIONAL MORTGAGE BANKING CORP., F/K/A CITIZENS MORTGAGE BANKING, LTD., F/K/A CITIZENS FUNDING, LTD. A DOMESTIC CORPORATION DULY AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW YORK HAVING ITS PRINCIPAL OFFICE AT 3 GRACE AVENUE, GREAT NECK, NEW YORK 11021

, assignor,

In consideration of    TEN AND 00/100 ($10.00)    dollars,

paid by    Lender Paocessi Services, o division of American National Bank
5610 Rldge Road, Parma, OH 44129
, assignee,

hereby assigns unto the assignee,

Mortgage dated the 26th day of November, 2002,    made by Jewel L. Butler

To    GOLDEN FIRST MORTGAGE CORP.

In the principal sum of $ 329,187.00  and recorded on the 9th  day of  December, 2002

In Liber/Reel 22263  of Section    of Mortgages, Page  116    , in the office of the register/clerk

of the  County of Nassau.    covering premises

Designated by Section: 34  Block:  363  Lot: 231-233 .
Having a property address of  44-Eldridge Avenue, Homestead, New York 11550

This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market

TOGETHER with the bond or note or obligation described in said mortgage, and the money due and to grow due thereon with the interest; TO HAVE AND TO HOLD the same unto the assignee and to the successors, legal representatives and assigns of the assignee forever,

AND the assignor covenants that there is now owing upon said mortgage, without offset or defense of any kind, the principal sum of Two Hundred Fourteen Thousand Seven Hundred Eighty-Seven Dollars & 07 cents with interest thereon at 8.00%  per centum per annum from the 1st day of September, 2007

The word "assignor" or "assignee" shall be construed as if it read "assignors" or "assignees" whenever the sense of this instrument so requires.

IN WITNESS WHEREOF, the assignor has duly executed this assignment the 10th  day of December, 2007

IN PRESENCE OF:

Golden First Mortgage Corp.

By: _Barbara Bruno_
Barbara Bruno
Vice President

Standard N.Y.B.T.U. Form 8002 = Assignment of Mortgage with Covenant – Uniform Acknowledgment
Form 1000-17

State of New York, County of        Nassau        ss:

On the 12th    day of December        in the year 2007
before me, the undersigned, personally appeared
Burton Reese, Vice President
personally known to me or proved to me on the basis of
satisfactory evidence to be the individual(s) whose name(s) is
(are) subscribed to the within instrument and acknowledged to
me that he/she/they executed the same in his/her/their
capacity(ies), and that by his/her/their signature(s) on the
instrument, the individual(s), or the person upon behalf of which
the individual(s) acted, executed the instrument.

_____
Notary Public

David Kjos
Notary Public, State of New York
Registration #01KO5304105
Qualified in Dakota County
My Commission Expires Dec. 5, 20__

State of New York, County of
ss:

On the        day of        in the year
before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of
satisfactory evidence to be the individual(s) whose
name(s) is (are) subscribed to the within instrument and
acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), and that by
his/her/their signature(s) on the instrument, the
individual(s), or the person upon behalf of which the
individual(s) acted, executed the instrument.

_____
Notary Public

## ASSIGNMENT OF MORTGAGE
WITH COVENANT

Title No.

GOLDEN FIRST MORTGAGE CORP.

TO

Lender Financial Services

SECTION  34
BLOCK    393
LOT      221-233

COUNTY OR TOWN  Nassau

Recorded at Request of
CPNG R1163234

RETURN BY MAIL TO:

Golden First Mortgage Corp.
3 Grace Avenue
Great Neck, NY 11021

ATTN: A Mohin





## NASSAU COUNTY CLERK'S OFFICE
## ENDORSEMENT COVER PAGE

Recorded Date: 01-29-2013
Recorded Time:  2:07:18 p

Liber Book: M 38235
Pages From:      700
         To:      702

Control
Number:  1515—
Ref #:
Doc Type: M23  ASSIGN MORTGAGE

Record and Return To:
LOANCARE/FNF SERVICING
C/O ROSICKI & ROSICKI & ASSOCIATES PC
51 E BETHPAGE ROAD
PLAINVIEW, NY  11803

Refers to: Book: M 23263 Page: 110

| Location: | Section | Block | Lot | Unit |
|---|---|---|---|---|
| HEMPSTEAD (2820) | 0034 | 00363-00 | 00231 | |
| HEMPSTEAD (2820) | 0034 | 00363-00 | 00232 | |
| HEMPSTEAD (2820) | 0034 | 00363-00 | 00233 | |

Taxes Total          .00
Recording Totals      205.00
Total Payment         205.00

MXP001

THIS PAGE IS NOW PART OF THE INSTRUMENT AND SHOULD NOT BE REMOVED
MAUREEN O'CONNELL
COUNTY CLERK



| COUNTY: | Nassau |
|---|---|
| SECTION: | 0034 |
| BLOCK: | 00363-00 |
| LOT: | 00231- 00233 |

Form 8021*-Assignment of Mortgage without Covenant-
Individual or Corporation (Single Sheet)
CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT-
THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

KNOW THAT
**GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, GUARANTOR FOR LEADER
FINANCIAL SERVICES, A DIVISION OF AMERICAN NATIONAL BANK**, a corporation
organized and existing under the laws of the United States of America whose principal place of business
is **5610 RIDGE ROAD, PARMA, OH 44129**
assignor,

in consideration of TEN AND 00/100 DOLLARS ($10.00) and other good and valuable consideration,
paid by

① **LOANCARE, A DIVISION OF FNF SERVICING, INC.**, a corporation whose principal place
of business is 3637 Sentara Way, Virginia Beach, VA 23452
assignee,

hereby assigns unto the assignee, a certain Mortgage dated November 26, 2002, made by JEWEL L
BUTLER to GOLDEN FIRST MORTGAGE CORP. in the principal sum of $228,197.00 and recorded on
December 9, 2002 in Liber/Reel M 23263 of Mortgages, Page 110 to 119 in the Office of the Clerk of the
County of Nassau covering premises known as 46 ELDRIDGE AVE, HEMPSTEAD, NY 11550 which
mortgage was assigned to LEADER FINANCIAL SERVICES, A DIVISION OF AMERICAN
NATIONAL BANK by assignment dated December 13, 2007 and recorded on January 3, 2008 in Liber
M 32627, Page 291-293.

Pursuant to Section 321 of the Real Property Law, said mortgage has not been further assigned.

This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is
an assignment within the secondary mortgage market.

TOGETHER with the bond or note or obligation described in said mortgage, and the moneys due and to
grow due thereon with the interest; TO HAVE AND TO HOLD the same unto the assignee and to the
successors, legal representatives and assigns of the assignee forever.

The word "assignor" or "assignee" shall be construed as if it read "assignors" or "assignees" whenever the
sense of this instrument so requires.

DATED: 9/21/2011

Government National Mortgage Association,
guarantor for LEADER FINANCIAL
SERVICES, A DIVISION OF AMERICAN
NATIONAL BANK, under Section 10.01(a)(1)
and (4)by LoanCare, a Division of FNF
Servicing, Inc. as its Attorney in Fact under a
Limited Power of Attorney

By: _____ V.P.
Iris McLane, Vice President
LoanCare, a Division of FNF Servicing, Inc.

Sworn to before me this 21 day
of September 2011
_____
Notary Signature
ACKNOWLEDGMENT

State of Virginia
City of Virginia Beach) ss.

On the 21 day of Sept in the year 2011 before me, the undersigned, personally appeared Iris McLane, Vice
President of LoanCare, a Division of FNF Servicing, Inc. as Attorney in Fact under Limited Power of Attorney for Government
National Mortgage Association for Leader Financial Services, a Division of American National Bank, under Section 10.01(a)(1)
and (4) personally known to me to be the individual whose name is subscribed to the within instrument and acknowledged to me
that she executed the same in her capacity that by her signature on the instrument, the individual, or the person upon behalf of
which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the
City of Virginia Beach, State of Virginia.

_____
Notary Signature

My Commission Expires: 1/31/12

Assignment of Mortgage
Without Covenant

TITLE NO.

GOVERNMENT NATIONAL
MORTGAGE ASSOCIATION

TO

LoanCare, a Division of FNF Servicing, Inc.

SECTION:  0034

BLOCK:  00363-00

LOT:  00231 ; 00233

COUNTY OR TOWN: Nassau
PROPERTY ADDRESS: 46 ELDRIDGE
AVE, HEMPSTEAD, NY 11550

RECORD AND RETURN TO:

LoanCare, a Division of FNF Servicing, Inc.
C/O Rosicki, Rosicki, and Associates, P.C.
51 E Bethpage Road
Plainview, NY 11803

Bk M40233 Pg114 #1545
02-25-2015 ₹ 02:16p



## NASSAU COUNTY CLERK'S OFFICE

### ENDORSEMENT COVER PAGE

Recorded Date: 02-25-2015
Recorded Time: 02:16:00 p

Liber Book: M 40233
Pages From:      114
      To:      116

Control
Number:  1545
Ref #:
Doc Type: M23  ASSIGN MORTGAGE

Refers to: Book: M  23263 Page: 110

| Location: | Section | Block | Lot | Unit |
|---|---|---|---|---|
| HEMPSTEAD (2820) | 0034 | 00363-00 | 00231 | |
| HEMPSTEAD (2820) | 0034 | 00363-00 | 00232 | |
| HEMPSTEAD (2820) | 0034 | 00363-00 | 00233 | |

|  |  |
|---|---|
| Taxes Total | .00 |
| Recording Totals | 205.00 |
| Total Payment | 205.00 |

TMS001

THIS PAGE IS NOW PART OF THE INSTRUMENT AND SHOULD NOT BE REMOVED.
MAUREEN O'CONNELL
County Clerk

Recording Requested By:

**ORIGINAL**

When Recorded Return To:

SELENE FINANCE LP
9990 RICHMOND AVE SUITE 400 SOUTH
HOUSTON, TX 77042

## CORPORATE ASSIGNMENT OF MORTGAGE

Nassau, New York
SELLER'S SERVICING    Redacted

Date of Assignment: July 11th, 2014
Assignor: LOANCARE, A DIVISION OF FNF SERVICING, INC 3837 SENTARA WAY, VIRGINIA BEACH, VA  23452
Assignee: SELENE FINANCE LP at 9990 RICHMOND AVE, SUITE 400 SOUTH, HOUSTON, TX  77042

Executed By: JEWEL L BUTLER  To: GOLDEN FIRST MORTGAGE CORP.
Date of Mortgage: 11/26/2002 Recorded: 12/09/2002 in Book/Reel/Liber: M 23263 Page/Folio: 110 in the County
of Nassau, State of New York.
Loan Amount: $228,197.00
Section/Block/Lot 0034/00363-00/00231-00233

Property Address: 46 ELDRIDGE AVE, HEMPSTEAD, NY  11550

   This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an
assignment within the secondary mortgage market.

   KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said
Mortgage having an original principal sum of $228,197.00 with interest, secured thereby, and the full benefit of all the
powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys
unto the said Assignee, the Assignor's interest under the Mortgage.

   TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the
terms contained in said Mortgage. IN WITNESS WHEREOF, the assignor has executed these presents the day and
year first above written:

   LOANCARE, A DIVISION OF FNF SERVICING, INC
On ___JUL 1 2 2014___

By_____
   JENNIFER BOWDEN
   ASSISTANT SECRETARY

STATE OF Virginia
COUNTY OF Virginia Beach City
On the ___12th___ day of ___July___ in the year ___2014___ before me, the undersigned,
personally appeared ___JENNIFER BOWDEN___, personally known to me or proved to me on the
basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their
signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed
the instrument, and that such individuals(s) made such appearance before the undersigned in the County of Virginia
Beach City, State of Virginia.

WITNESS my hand and official seal.

_____
DAWN L KRETCHMAR
Notary Expires: 1/5/16
Virginia Beach City, Virginia

DAWN L KRETCHMAR
NOTARY PUBLIC
REGISTRATION # 7516224
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES

                                    (This area for notarial seal)



## SCHEDULE I

A certain mortgage dated November 26, 2002 made by JEWEL L BUTLER to GOLDEN FIRST MORTGAGE CORP. in the principal sum of $228,197.00 and recorded December 9, 2002 in Liber M 23263 Page 110 in the office of the clerk in the County of Nassau.

Said mortgage was assigned from GOLDEN FIRST MORTGAGE CORP. to LENDER FINANCIAL SERVICES, A DIVISION OF AMERICAN NATIONAL BANK by an assignment of mortgage dated September 1, 2007 and recorded January 3, 2008 in Liber M 32627 Page 291.

Said mortgage was further assigned from GOVERNMENT NATIONAL MORTGAGE ASSOCIATION ("GNMA") AS GUARANTOR FOR LEADER FINANCIAL SERVICES, A DIVISION OF AMERICAN NATIONAL BANK to LOANCARE, A DIVISION OF FNF SERVICING, INC. by an assignment of mortgage dated September 21, 2011 and recorded January 29, 2013 in Liber M 38235 Page 700.

MAUREEN O'CONNELL COUNTY CLERK
NASSAU COUNTY CLERK'S OFFICE
E-RECORDED

Exhibit "B"

*At a~~ IAS Term*

Part ___, of the Supreme Court of the
State of New York, held in and for
the County of Nassau, at the
Courthouse thereof located at 100
Supreme Court Drive, Mineola, New
York 11501, on the ____ day of
~~Apt~~ _____, 20~~17~~.

**AUG 2 4 2017**

PRESENT:

Hon. *Thomas A. Adams,*

    Justice

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

------------------------------------------------------------------x

SELENE FINANCE, LP

                              Plaintiff,

        -against-

JEWEL L BUTLER; ADVERLIGHT COLLECTIONS,
INC; ALLIANCE FUNDING, A DIVISION OF
SUPERIOR BANK; CITIBANK SOUTH DAKOTA,
NA; DISCOVER BANK; "JOHN DOES" AND "JANE
DOES", said names being fictitious, parties intended
being possible tenants or occupants of premises and
corporations, other entities or persons who have, claim,
or may claim, a lien against, or other interest in, the
premises;

                            Defendants.

------------------------------------------------------------------x

Index No.: 5530/12

**JUDGMENT OF
FORECLOSURE AND SALE**
Premises Address:
46 ELDRIDGE AVE.
HEMPSTEAD, NY 11550

    ON the Summons, Complaint and Notice of Pendency duly filed in this action in the

office of the County Clerk of the County of Nassau on May 1, 2012, the renewal notice of

pendency filed April 29, 2015, the affidavits of service of the Summons and Complaint, upon all

of the defendants, all of which were duly filed with the County Clerk's office in this action

brought to foreclose a mortgage upon real property situate within the territorial jurisdiction of

this Court; the defendant Jewel L. Butler having served an Answer to the complaint; Discover

Bank having served a notice of appearance and waiver and all other defendants having defaulted;

a Note of Issue having been filed;

WHEREAS, a non jury trial having been held on August 8, 2016 before Hon. Edward A. Maron, and upon the testimony and exhibits an oral decision was made on August 8, 2016 by Justice Maron finding that plaintiff established the required elements for a Judgment of Foreclosure and Sale and is entitled to a Judgment of Foreclosure and Sale for the sums stated in the record,

NOW, on motion of ROSICKI, ROSICKI & ASSOCIATES, P.C., attorneys for plaintiff, it is

ORDERED, ADJUDGED AND DECREED, that the plaintiff's application for a judgment of foreclosure is hereby granted; and it is further

ORDERED, that paragraph 5 of the complaint and the notices of pendency be deemed corrected nunc pro tunc to May 1, 2012, to state that the assignment of mortgage to Leader Financial Services, A Division of America National Bank was dated December 13, 2007 in accordance with the certified documents submitted at trial; and it is further

ORDERED, that pursuant to the plaintiff's second cause of action, and the documents submitted at trial, which established  the plaintiff's mortgage is a purchase money mortgage, plaintiff's mortgage is superior to the mortgage made by Nicole Thomas to Lincoln Equities Credit Corp. in the amount of $247,500.00 dated May 9, 2000 and recorded June 22, 2000 in Nassau County at Liber ~~21979~~ 20379 at page 354 and thereafter assigned to  defendant Alliance Funding, A Division of Superior Bank by assignment dated March 15, 2001 and recorded in Nassau County on February 27, 2002 in Liber 21979 at page 390. *and it's further*

ORDERED, that the caption is amended by substituting Selene Finance LP as the plaintiff; and it is further

*Ordered that the referee at the time of the sale may accept a written bid from the plaintiff or plaintiff's attorney just as though the plaintiff were physically present to submit said bid; and it is further*

*TAA*
*JSC*

ORDERED that the caption is further amended by striking therefrom the names of the remaining "JOHN DOES" and "JANE DOES", such names being fictitious; and all papers and proceedings heretofore filed herein shall be deemed amended accordingly; to read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------x
SELENE FINANCE, LP

                           Plaintiff,

        -against-

JEWEL L BUTLER; ADVERLIGHT COLLECTIONS, INC; ALLIANCE FUNDING, A DIVISION OF SUPERIOR BANK; CITIBANK SOUTH DAKOTA, NA; DISCOVER BANK;

                         Defendants.
-----------------------------------------------------------------x

Index No.: 5530/12

Premises Address:
46 ELDRIDGE AVE.
HEMPSTEAD, NY 11550

And it is further

**ORDERED, ADJUDGED AND DECREED**, that the premises affected by said mortgage set forth in the Complaint, as hereinafter described, be sold in one parcel, subject to any real estate taxes, assessments, water rents and sewer rents, unless same are due and payable on the date of sale, or any adjourned date thereof, irrespective of the date upon which same have become or may be a lien upon the said premises; prior mortgages, liens and judgments of record, if any, zoning restrictions and any amendments thereto, according to law, and now in force; subject to the state of facts an accurate survey may show; covenants, restrictions, agreements, reservations and easements of record, if any, and to any and all violations thereof; any and all building and zoning regulations, restrictions and ordinances of the municipality in which said premises are located, and violations and/or liens of same, including, but not limited to, reapportionment of lot lines, and vault charges, if any; any and all orders or requirements issued by any governmental body having jurisdiction against or affecting said premises and violations of the same; the physical condition of any buildings or structure on the premises as the date of

closing, as purchaser assumes all risk of loss or damage to the premises from the date of the

foreclosure sale until the date of closing and thereafter; rights of tenants or occupants in

possession, if any; rights of any defendants pursuant to CPLR §317, 2003 and 5015, if any; and

other conditions as set forth in the terms of sale more particularly to be announced at sale; any

sale to be held hereunder will be subject to the rights of the United States of America to redeem,

if any; and it is further

**ORDERED ADJUDGED AND DECREED,** that the premises affected by said

mortgage set forth in the Complaint herein and hereinafter set forth, be sold in one parcel, at

public auction, as provided by Law at the Calendar Control Part (CCP) Courtroom of the

Nassau County

Supreme Court, 100 Supreme Court Drive, Mineola, New York 11501, by and under the

Leland Lewis Greene, Esq.

direction of __        170 Old Country Road- Ste. 505        _____, ~~Esq.~~

Mineola, N.Y. 11501

~~having an office~~        (516) 746-3800        _____,

Fid # 121622

who is hereby appointed Referee, and that said Referee give public notice of the time and place

of said sale according to Law and Rules and Practices of this Court by publishing the Notice of

Sale in the ____        HEMPSTEAD BEACON        _____; that the plaintiff or any other party to this

5 CENTRE ST

HEMPSTEAD NY

action may become the purchaser at such sale; that in the event the plaintiff shall become the

purchaser at said sale, it shall not be required to make any deposit thereon; that said Referee

execute to the purchaser or purchasers on such sale a deed or deeds of the premises sold; that all

deed stamps, transfer taxes and recording fees, if any, shall be paid by the purchaser; that the

Referee then deposit the balance of the proceeds of this sale in his own name as Referee in

CITIBANK                Or in an IOLA account per CPLR 2609

250 Old Country Rd

Mineola NY 11501    ____ and shall thereafter make the following payments and his checks drawn for

that purpose shall be paid by the said depository, to wit:

**FIRST:** The referee shall pay the sum of $750.00 as and for his/her fee for conducting the sale, pursuant to CPLR §8003;

~~In the event a scheduled sale is cancelled or postponed, pursuant to CPLR § 8003(a),~~ plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation unless the Referee has requested the delay. Such compensation may be recouped from the proceeds of sale as a cost to plaintiff. This Order shall constitute the necessary prior ~~authorization for compensation as set forth herein.~~

**SECOND:** The referee shall pay the costs of advertising/posting as listed on bills presented to and certified by the Referee to be correct, duplicate copies of which shall be annexed to the report of sale when filed;

**THIRD:** The referee shall pay the sum of $2059.00, for costs and disbursements in this action, as taxed by the Clerk of the Court, with interest at the legal rate thereon from the date of entry hereof; the referee shall pay the sum of $417,657.30 as provided pursuant to the testimony accepted by Justice Maron after trial, with interest at the rate set in the note and mortgage thereon from September 1, 2016, until the date of entry in this judgment, then with interest at the statutory rate thereon until the date of transfer of the referee's deed, or so much of the purchase money as will pay the same, and that he/she take a receipt for said payment and file it with his/her report of sale;

**FOURTH:** The referee shall pay the sum of $5,000.00 as and for attorney's fees herein, with legal interest thereon from the date of entry of the judgment;

**FIFTH:** The referee shall pay the expenses of maintaining and for the preservation of the property, as well as any expenses incurred in security, and any other expenses, whether made before or after the entry of this judgment, not previously included in any computations, together with interest at the rate set in the note and mortgage from the date of the expense to

the date of entry of this judgment, then with interest at the legal rate thereon until the date of the transfer of the referee's deed, upon presentation to the referee of the proper receipts;

**SIXTH:** The referee shall take receipts for the money so paid out by him/her and file the same with his/her report of sale, and that he/she deposit the surplus moneys, if any, with the Treasurer of Nassau County within five (5) days after same shall be received and ascertainable, to the credit of this action, to be withdrawn only upon the order of this Court, signed by a Justice of this Court; that the referee make a report of such sale under oath and file it along with copies of the vouchers to whom the payments were made with the Clerk of the County of Nassau within thirty (30) days of completing the sale, and executing the proper conveyance to the purchaser; and it is further

**ORDERED,** that by accepting this appointment the referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to section 36.2(c) ("Disqualifications from appointment"), and section 36.2(d) ("Limitations on appointments based upon compensation"); and it is further

**ORDERED, ADJUDGED AND DECREED,** that in case the plaintiff be the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser, or its assignee, at said sale and the terms of sale under this judgment shall be assigned to and be acquired by the plaintiff, and a valid assignment thereof filed with said Referee, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the plaintiff a deed or deeds of the premises sold upon the payment to said Referee of the amounts specified above in items marked "FIRST" and "SECOND" and the amounts of the aforesaid taxes, assessments, water rents and sewer rents, and interest or penalties thereon, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of

the proper municipal authorities showing the payment thereof; or an affidavit by plaintiff setting forth that payment has been made; provided however plaintiff shall not be required to pay said taxes, assessments, water rents and sewer rents, unless same are due and payable on the date of sale, or any adjourned date thereof, irrespective of the date upon which same have become or may be a lien upon the said premises; that the balance of the amount bid, after deduction therefrom of the aforesaid amounts paid by the plaintiff for Referee's fees, advertising expenses and taxes, assessments, water rates and sewer rents, shall be allowed to the plaintiff and applied by the Referee upon the amounts due to the plaintiff as specified above in items marked "THIRD" and "FOURTH;" that if, after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to the Referee upon delivery to it of the said Referee's deed, the amount of such surplus; that the Referee on receiving said amounts from the plaintiff shall forthwith pay therefrom said taxes, assessments, water rates, sewer rents, and interest or penalties thereon, unless the same shall have already been paid, the Referee shall then deposit the balance in said depository as herein above directed; and it is further

ORDERED, ADJUDGED AND DECREED, that if the proceeds of such sale be insufficient to pay the amount so reported due to the plaintiff with the expenses of the sale, advances, attorneys' fees, interest, costs and allowances, as aforesaid, the Referee shall specify the amount of such deficiency in the Report of Sale and that the~~may~~ plaintiff recover of the defendant JEWEL L BUTLER the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied, after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions

and Proceedings Law within the time limited therein, and the amount thereof determined and awarded by an Order of this Court as provided for in said section; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the purchaser or purchasers at said sale be let into possession on production of the Referee's deed or deeds; and it is further

**ORDERED, ADJUDGED AND DECREED,** that, each and all of the defendants, in this action and all persons by, through or claiming under them or any or either of them, after the filing of the Notice of Pendency of this action, be and they hereby are forever barred and foreclosed of all right, claim, lien, title interest and equity of redemption in said mortgaged premises, and each and every part thereof; and it is further

~~ORDERED, ADJUDGED AND DECREED, that in the event title does not pass in this foreclosure action, the referee is awarded a non-refundable processing fee of $250.00 (see CPLR 8003); and it is further~~

**ORDERED, ADJUDGED, AND DECREED,** that the referee appointed to sell herein be served with a signed copy of this Judgment of Foreclosure and Sale with Notice of Entry; and it is further

**ORDERED, ADJUDGED, AND DECREED,** that the referee shall file a copy of the Notice of Sale with the Clerk's Office in Room 152 of the Supreme Court at least 10 days prior to the advertised auction date; and it is further

**ORDERED,** that paragraph 5 of the complaint and the notice of pendency be deemed corrected nunc pro tunc to May 1, 2012, to state that the lot numbers of the subject property are 231-233; and it is further

A description of the real property under foreclosure is annexed to this Judgment and made a part thereof as Schedule "A." *and it is further*

ORDERED, that pursuant to CPLR 8003 (b), absent application to the court, further court order, and compliance with Part 36 of the Rules of the Chief Judge, the Referee shall not demand, accept or receive more than the amount of $ 750 otherwise payable to the Referee for the foreclosure sale stage, regardless of adjournment, delay or stay of the sale; and it is further

ORDERED, that the Referee is prohibited from accepting or retaining any funds for himself or paying any funds to himself without compliance with Part 36 of the Rules Of the Chief Administrative Judge.

Said premises being known as and by street address: 46 ELDRIDGE AVE, HEMPSTEAD, NY 11550, and bearing tax map designation: Section: 34 Block: 363 Lot: 231-233.

Dated:

AUG 2 4 2017.

ENTER

Hon. Thomas A. Adams, JSC

**ENTERED**

SEP 06 2017

NASSAU COUNTY
COUNTY CLERK'S OFFICE

All that certain, plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Incorporated Village of Hempstead, Town of Hempstead, County of Nassau and State of New York, known as and by the lots numbered 231, 232 and 233 as shown on a certain map entitled, "Revised Map of Eldridge Estates, situated in the Village of Hempstead, Nassau Co., NY, owned by Newbridge properties, Inc., mapped February 1929 by Geo. A. Fairfield, Civ. Engr., Mineola, NY" and filed in the office of the Clerk of the County of Nassau on February 15, 1929 under the file #672, bounded and described as follows:

BEGINNING at a point on the southerly side of Eldridge Avenue distant 644.35 feet westerly from the corner formed by the intersection of the westerly side of Greenwich Street with the southerly side of Eldridge Avenue;

running thence SOUTHERLY at right angles to Eldridge Avenue, 100 feet;

thence WESTERLY in a line parallel with Eldridge Avenue, 60 feet;

thence NORTHERLY again at right angles to Eldridge Avenue, 100 feet to the southerly side of Eldridge Avenue;

thence EASTERLY along the southerly side of Eldridge Avenue, 60 feet to the point or place of BEGINNING.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------x

SELENE FINANCE, LP

                      Plaintiff,                 Index No.: 5530/12

     -against-

JEWEL L BUTLER, et al.,                   **COSTS OF PLAINTIFF**

                          Defendants.
-------------------------------------------------------------------x

Costs after trial,
CPLR §§8201(1)(2) and(3)............................................$700.00

Additional Allowance by Statute - CPLR §§302(a)(b):

addl.(not exceeding $200)  $200 at 10%...$20.00
addl.(not exceeding $800)  $800 at  5%...$40.00
 "  (not exceeding $2000) $2000 at 2%...$40.00
 "  (not exceeding $5000) $5000 at 1%...$50.00..........$150.00

Additional Allowance by Statute - CPLR §8302(d)......$50.00

## FEES AND DISBURSEMENTS

Fee for Index Number and Filing Lis Pendens
CPLR 8018(a), 8021(a)(12)............................................$520.00
Paid for searches.................................................~~$830.97~~
Serving copy of summons and complaint     500 00
CPLR 8011(c), 8301(d)................................................~~$1,005.00~~
Request for Judicial Intervention.................................$95.00  285 00
Certified copy of judgment...........................................$4.00
Motion fees..............................................................$90.00
Clerk's fee, re-filing notice of pendency......................$195.00
Transcript of trial testimony        ~~$305.50~~  2059 00
                              ---------------
                              ~~$3,945.47~~

Taxed at $ _____ this _____ day of _____, 20___.


                                _____
                                      Clerk

ADJUSTED AT $ 2059 00
COSTS THIS 6th DAY OF _____ 20
Maureen O'Connell
CLERK, NASSAU CO.

STATE OF NEW YORK )
) ss:
COUNTY OF DUTCHESS )

   The undersigned, an attorney admitted to practice in the Courts of this State, affirms that he is an associate of the law firm of **ROSICKI, ROSICKI & ASSOCIATES, P.C.** the attorneys of record for the plaintiff in the above-entitled action; that the foregoing disbursements have been or will necessarily be made or incurred in this action and are reasonable in amount and that copies of documents or papers as charged herein were actually and necessarily obtained for use.

   The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: October 4, 2016
       Plainview, New York

Andrew Morganstern , Esq.

46 ELDRIDGE AVE, HEMPSTEAD, NY 11550

Exhibit "C"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
IN RE:                                                              Chapter 7
Jewel L. Butler,                                                    Case# 18-71028-reg
                            Debtor.
----------------------------------------------------------------x

## RELIEF FROM STAY – REAL ESTATE AND
## COOPERATIVE APARTMENTS

## BACKGROUND INFORMATION

1. ADDRESS OF REAL PROPERTY OR COOPERATIVE APARTMENT: 46 Eldridge Avenue, Hempstead, New York 11550

2. LENDER NAME: Selene Finance LP

3. MORTGAGE DATE: 11/26/2002

4. POST-PETITION PAYMENT ADDRESS: P.O. Box 71243 Philadelphia, PA 19176-6243

## DEBT AND VALUE REPRESENTATIONS

5. TOTAL PRE-PETITION AND POST-PETITION INDEBTEDNESS OF DEBTOR(S) TO MOVANT AT THE TIME OF FILING THE MOTION: $503,201.73 as of 5/1/2018
(*THIS MAY NOT BE RELIED UPON AS A "PAYOFF" QUOTATION.*)

6. MOVANT'S ESTIMATED MARKET VALUE OF THE REAL PROPERTY OR COOPERATIVE APARTMENT AS OF THE MOTION FILING DATE: $195,000.00

7. SOURCE OF ESTIMATED MARKET VALUE: Schedule A/B

## STATUS OF THE DEBT AS OF 5/1/2018

8. DEBTOR(S)'S INDEBTEDNESS TO MOVANT AS OF 5/1/2018:

|  |  |
|---|---|
| A. TOTAL: | $503,201.73 |
| B. PRINCIPAL: | $207,645.36 |
| C. INTEREST: | $113,203.74 |
| D. ESCROW (TAXES AND INSURANCE): | $151,808.82 |
| E. FORCED PLACED INSURANCE EXPENDED BY MOVANT: | $0.00 |

F. PRE-PETITION ATTORNEYS' FEES CHARGED TO DEBTOR(S):    $19,032.25

G. PRE-PETITION LATE FEES CHARGED TO DEBTOR(S):    $4,375.26

9. CONTRACTUAL INTEREST RATE: <u>7.00000%</u>
*(IF THE INTEREST RATE HAS CHANGED, LIST THE RATE(S) AND DATE(S) THAT EACH RATE WAS IN EFFECT ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: N/A.)*

10. OTHER PRE-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR(S)'S ACCOUNT AND NOT LISTED ABOVE:

Foreclosure Costs: $1,132.84; Postage Charges: $41.97; Sale Costs: $488.08; Title Fees: $993.91; Court Costs: $1,145.00; Attorney Costs: $2,207.50; Property Inspection Fees: $1,127.00

*(IF ADDIITONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: N/A.)*

## AMOUNT OF POST-PETITION DEFAULT AS OF THE MOTION FILING DATE

11. DATE OF RECEIPT OF LAST PAYMENT: No Post-Petition Payments Received

12. NUMBER OF PAYMENTS DUE FROM PETITION DATE TO MOTION FILING DATE: 2 PAYMENTS. **
Account contractually due for 11/1/2009

13. POST-PETITION PAYMENTS IN DEFAULT:

| PAYMENT DUE DATE | AMOUNT DUE | AMOUNT RECEIVED | AMOUNT APPLIED TO PRINCIPAL | AMOUNT APPLIED TO INTEREST | AMOUNT APPLIED TO ESCROW | LATE FEE CHARGED |
|---|---|---|---|---|---|---|
| 3/1/2018 | $3,009.98 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 4/1/2018 | $3,009.98 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTALS | $6,019.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

14. OTHER POST-PETITION FEES CHARGED TO DEBTOR(S):

A. TOTAL:    $931.00

B. ATTORNEYS' FEES IN CONNECTION WITH THIS MOTION:    $750.00

C. FILING FEE IN CONNECTION WITH THIS MOTION:    $181.00

D. OTHER POST-PETITION ATTORNEYS' FEES:    $0.00

E. POST-PETITION INSPECTION FEES:    $0.00

F. POST-PETITION APPRAISAL/BROKER'S PRICE OPINION FEES:    $0.00

G. FORCED PLACED INSURANCE EXPENDED BY MOVANT:            $0.00

15. AMOUNT HELD IN SUSPENSE BY MOVANT:            $0.00

16. OTHER POST-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR(S)'S ACCOUNT AND NOT LISTED ABOVE:            $0.00

*(IF ADDITIONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM.  STATE THE EXHIBIT NUMBER HERE: N/A.)*

## REQUIRED ATTACHMENTS TO MOTION

PLEASE ATTACH THE FOLLOWING DOCUMENTS TO THIS MOTION AND INDICATE THE EXHIBIT NUMBER ASSOCIATED WITH EACH DOCUMENT.

(1)    COPIES OF DOCUMENTS THAT ESTABLISH MOVANT'S INTEREST IN THE SUBJECT PROPERTY. FOR PURPOSES OF EXAMPLE ONLY, THIS MAY BE A COMPLETE AND LEGIBLE COPY OF THE PROMISSORY NOTE OR OTHER DEBT INSTRUMENT TOGETHER WITH A COMPLETE AND LEGIBLE COPY OF THE MORTGAGE AND ANY ASSIGNMENTS IN THE CHAIN FROM THE ORIGINAL MORTGAGEE TO THE CURRENT MOVING PARTY. (EXHIBIT ___A___.)

(2)    COPIES OF DOCUMENTS THAT ESTABLISH MOVANT'S STANDING TO BRING THIS MOTION. (EXHIBIT ___A___.)

(3)    COPIES OF DOCUMENTS THAT ESTABLISH THAT MOVANT'S INTEREST IN THE REAL PROPERTY OR COOPERATIVE APARTMENT WAS PERFECTED. FOR THE PURPOSES OF EXAMPLE ONLY, THIS MAY BE A COMPLETE AND LEGIBLE COPY OF THE FINANCING STATEMENT (UCC-1) FILED WITH THE CLERK'S OFFICE OR THE REGISTER OF THE COUNTY IN WHICH THE PROPERTY OR COOPERATIVE APARTMENT IS LOCATED. (EXHIBIT ___A___.)

## DECLARATION AS TO BUSINESS RECORDS

I_____Leslie Leanhart_____, THE _____Bankruptcy Manager_____ OF Selene Finance LP, HEREIN, DECLARE PURSUANT 28 U.S.C. SECTION 1746 UNDER PENALTY OF PERJURY THAT THE INFORMATION PROVIDED IN THIS FORM AND ANY EXHIBITS ATTACHED HERETO (OTHER THAN THE TRANSACTIONAL DOCUMENTS ATTACHED AS REQUIRED BY PARAGRAPHS 1, 2 AND 3, ABOVE) IS DERIVED FROM RECORDS THAT WERE MADE AT OR NEAR THE TIME OF THE OCCURRENCE OF THE MATTERS SET FORTH BY, OR FROM INFORMATION TRANSMITTED BY, A PERSON WITH KNOWLEDGE OF THOSE MATTERS; THAT THE RECORDS WERE KEPT IN THE COURSE OF THE REGULARLY CONDUCTED ACTIVITY; AND THAT THE RECORDS WERE MADE IN THE COURSE OF THE REGULARLY CONDUCTED ACTIVITY AS A REGULAR PRACTICE.

I FURTHER DECLARE THAT COPIES OF ANY TRANSACTIONAL DOCUMENTS ATTACHED TO THIS FORM AS REQUIRED BY PARAGRAPHS 1, 2 AND 3, ABOVE, ARE TRUE AND CORRECT COPIES OF THE ORIGINAL DOCUMENTS.

EXECUTED AT _Jacksonville, Fl_
ON THIS _27th_ DAY OF _April_
                    2018

<NAME>    Leslie Leanhart
<TITLE>    Bankruptcy Manager
Selene Finance LP
9990 Richmond Ave, Suite 400
South Houston, TX 77042


## DECLARATION

I, _____Leslie Leanhart_____, THE _____Bankruptcy Manager_____ OF Selene Finance LP, HEREIN, DECLARE PURSUANT 28 U.S.C. SECTION 1746 UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT BASED ON PERSONAL KNOWLEDGE OF THE MOVANT'S BOOKS AND BUSINESS RECORDS.

EXECUTED AT _Jacksonville, Fl_
ON THIS _27th_ DAY OF _April_
                    2018

<NAME>    Leslie Leanhart
<TITLE>    Bankruptcy Manager
Selene Finance LP
9990 Richmond Ave, Suite 400
South Houston, TX 77042

Exhibit "D"

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | Jewel L. Butler | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NEW YORK | | |
| Case number | | | |

☐ Check if this is an amended filing

## Official Form 106A/B
## Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.

■ Yes. Where is the property?

| | | | |
|---|---|---|---|
| 1.1 | **46 Eldridge Avenue** | **What is the property?** Check all that apply | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| | Street address, if available, or other description | ■ Single-family home | |
| | | ☐ Duplex or multi-unit building | |
| | | ☐ Condominium or cooperative | |
| | **Hempstead      NY      11550-0000** | ☐ Manufactured or mobile home | **Current value of the entire property?     Current value of the portion you own?** |
| | City            State       ZIP Code | ☐ Land | **$195,000.00           $195,000.00** |
| | | ☐ Investment property | |
| | | ☐ Timeshare | **Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.** |
| | | ☐ Other _____ | |
| | **Nassau** | **Who has an interest in the property?** Check one | |
| | County | ■ Debtor 1 only | |
| | | ☐ Debtor 2 only | |
| | | ☐ Debtor 1 and Debtor 2 only | ☐ Check if this is community property (see instructions) |
| | | ☐ At least one of the debtors and another | |
| | | Other information you wish to add about this item, such as local property identification number: | |

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here..................................................................=>     $195,000.00

**Part 2:** Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Debtor 1    Jewel L. Butler                                          Case number *(if known)*

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

| 3.1 | Make: | **Toyota** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|

3.1  Make:  **Toyota**
     Model: **Camry**
     Year:  **1998**
     Approximate mileage:       **186,000**
     Other information:

Who has an interest in the property? Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
   (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $300.00 | $300.00 |

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.......................................=>          $300.00

**Part 3:**  Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes.  Describe.....

| Misc. Household Goods and Furnishings | $750.00 |
|---|---|

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No
■ Yes.  Describe.....

| Misc. Electronics | $350.00 |
|---|---|

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
■ No
☐ Yes.  Describe.....

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis, canoes and kayaks, carpentry tools; musical instruments
■ No
☐ Yes.  Describe.....

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
■ No
☐ Yes.  Describe.....

Official Form 106A/B                          Schedule A/B: Property                                    page 2

Debtor 1    Jewel L. Butler                                                    Case number *(if known)*  _____

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
■ Yes.  Describe.....

| Misc. Wearing Apparel | $750.00 |

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
☐ No
■ Yes.  Describe.....

| Misc. Jewelry | $350.00 |

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses
☐ No
■ Yes.  Describe.....

| 3 cats | $0.00 |

**14. Any other personal and household items you did not already list, including any health aids you did not list**
■ No
☐ Yes.  Give specific information.....

**15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
for Part 3. Write that number here ............................................................................    | $2,200.00 |

**Part 4:   Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?                    Current value of the
                                                                                               portion you own?
                                                                                               Do not deduct secured
                                                                                               claims or exemptions.

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
☐ No
■ Yes.......................

|  | **Cash** | $5.00 |

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
☐ No
■ Yes.....................                         Institution name:

| 17.1. | Checking | **City National, Hempstead, NY (5371)** | $0.00 |

| 17.2. | Savings | **Peoples United, Hempstead, NY (2848)** | $1,500.00 |

Debtor 1    Jewel L. Butler                                                    Case number *(if known)*

18.  **Bonds, mutual funds, or publicly traded stocks**
     *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
     ■ No
     ☐ Yes.................          Institution or issuer name:

19.  **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
     ■ No
     ☐ Yes.  Give specific information about them...................
                         Name of entity:                            % of ownership:

20.  **Government and corporate bonds and other negotiable and non-negotiable instruments**
     *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
     *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
     ■ No
     ☐ Yes. Give specific information about them
                         Issuer name:

21.  **Retirement or pension accounts**
     *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
     ☐ No
     ■ Yes. List each account separately.
                         Type of account:          Institution name:

                         Pension                   NYS Teachers Retirement Account                    Unknown

22.  **Security deposits and prepayments**
     Your share of all unused deposits you have made so that you may continue service or use from a company
     *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
     ■ No
     ☐ Yes. ....................        Institution name or individual:

23.  **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
     ■ No
     ☐ Yes.............        Issuer name and description.

24.  **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
     26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
     ■ No
     ☐ Yes.............        Institution name and description. Separately file the records of any interests. 11 U.S.C. § 521(c):

25.  **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
     ■ No
     ☐ Yes.  Give specific information about them...

26.  **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
     *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
     ■ No
     ☐ Yes.  Give specific information about them...

27.  **Licenses, franchises, and other general intangibles**
     *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
     ■ No
     ☐ Yes.  Give specific information about them...

**Money or property owed to you?**                                             **Current value of the portion you own?**
                                                                               Do not deduct secured claims or exemptions.

—

Debtor 1     **Jewel L. Butler**                                          Case number *(if known)*

---

**28. Tax refunds owed to you**

☐ No

■ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

| Anticipated 2017 tax refund | Federal & State | $500.00 |
|---|---|---|

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

■ No

☐ Yes. Give specific information......

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
benefits; unpaid loans you made to someone else

■ No

☐ Yes. Give specific information..

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

■ No

☐ Yes. Name the insurance company of each policy and list its value.
          Company name:                                    Beneficiary:                          Surrender or refund
                                                                                                  value:

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because
someone has died.

■ No

☐ Yes. Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

■ No

☐ Yes. Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

■ No

☐ Yes. Describe each claim.........

**35. Any financial assets you did not already list**

■ No

☐ Yes. Give specific information..

**36.** Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
        for Part 4. Write that number here................................................................................................     $2,005.00

---

**Part 5:** Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

**37.** Do you own or have any legal or equitable interest in any business-related property?

■ No. Go to Part 5.

☐ Yes. Go to line 38.

---

**Part 6:** Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1.

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

■ No. Go to Part 7.

---

| Debtor 1 | Jewel L. Butler | Case number *(if known)* | |
|---|---|---|---|

☐ Yes. Go to line 47.

<table>
<tr><td><strong>Part 7:</strong></td><td>Describe All Property You Own or Have an Interest in That You Did Not List Above</td></tr>
</table>

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership

    ■ No
    ☐ Yes. Give specific information.........

54. Add the dollar value of all of your entries from Part 7. Write that number here .................................. | **$0.00**

<table>
<tr><td><strong>Part 8:</strong></td><td>List the Totals of Each Part of this Form</td></tr>
</table>

| 55. | Part 1: Total real estate, line 2 ................................................................ | | **$195,000.00** |
|---|---|---|---|
| 56. | Part 2: Total vehicles, line 5 | $300.00 | |
| 57. | Part 3: Total personal and household items, line 15 | $2,200.00 | |
| 58. | Part 4: Total financial assets, line 36 | $2,005.00 | |
| 59. | Part 5: Total business-related property, line 45 | $0.00 | |
| 60. | Part 6: Total farm- and fishing-related property, line 52 | $0.00 | |
| 61. | Part 7: Total other property not listed, line 54 | + $0.00 | |
| 62. | Total personal property. Add lines 56 through 61... | $4,505.00 | Copy personal property total $4,505.00 |
| 63. | Total of all property on Schedule A/B. Add line 55 + line 62 | | $199,505.00 |